IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.: CR207-08

LIONEL RODRIGUEZ ROCHE

# ORDER

Defendant Lionel Rodriguez Roche ("Defendant") filed a Motion in Limine seeking exclusion from the trial of this case any evidence that drugs were found at or near the scene of an alleged shooting. In that Motion, Defendant also seeks the exclusion of any evidence relating to ammunition found in a car parked near the scene of this alleged shooting or found loaded in the firearm Defendant is charged with possessing. Finally, in a separate motion, Defendant seeks the exclusion of evidence that he was seen on previous occasions with a firearm. The undersigned conducted a hearing on these matters on March 20, 2007, at which Ronald Rhodes ("Rhodes"), a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms, testified.

Rhodes[1] testified as follows:

Officer Cox with the St. Marys Police Department responded to a call about a shooting which occurred at 41 Creekside Drive on June 14, 2006. Defendant, Lucas

---

[1] Rhodes testified that he was contacted in June 2006 by someone from the Camden County District Attorney's Office concerning a shooting incident in St. Marys, Georgia. Most of Rhodes' testimony appears to be based on facts and evidence obtained from the St. Marys Police Department or the Camden County District Attorney's Office.

AO 72A
(Rev. 8/82)

Acheson, Mr. Mason, and Mr. Priester arrived at this address, and Acheson and the homeowner's son argued about a stolen wallet. This argument led to a physical fight in the garage of the home; the homeowner closed the garage door to prevent anyone else from coming into his home. A gunshot coming from outside of the closed garage door was heard, and police were called to the scene. According to Rhodes, several people saw Defendant speed down Creekside Drive after the gunshot was heard; a short time later, these people also saw Defendant speed back to 41 Creekside Drive.

A 9mm semi-automatic firearm and a small amount of cocaine were recovered[2] from a trash can located at 428 Creekside Drive. This firearm holds 10 to 12 rounds of ammunition, and 9 rounds were in the firearm at the time of its discovery. Rhodes testified that 61 Winchester and 7 Remington bullets were found in the glove compartment of the Oldsmobile Defendant was driving, and these same brands of bullets were found inside of the 9mm firearm. Rhodes stated Acheson informed him that he saw Defendant with a gun and that Defendant disposed of it in a trash can. Rhodes also stated that Mr. Gibson, the owner of the home where the firearm was discharged, informed him that Defendant brandished the firearm against him. Rhodes also testified that Priester was interviewed at a later time and informed Rhodes he saw Defendant with a gun before the shooting incident; Priester's description of this gun was very similar to the firearm found in the trashcan.

---

[2] It was not clear from Rhodes' testimony when the firearm and cocaine were recovered or by whom. The undersigned assumes Officer Cox recovered these items on June 14, 2006, the date of the shooting incident.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Evidence Relating to Defendant's Alleged Possession of a Firearm on Previous Occasions.**

Defendant asserts the Government failed to make a timely notification of its intent to introduce evidence that he was seen in possession of a firearm on previous occasions. Defendant alleges the Government should have notified him of its intent to use this evidence within twenty (20) days after he was arraigned under this Court's Local Rules. Defendant contends the Government seeks to introduce this evidence to show his intent in possessing the firearm on the date in question; however, Defendant also contends the Government need not prove specific intent in this case.

The Government admits that Defendant was not notified within twenty (20) days of his arraignment of its intent to use evidence of Defendant being seen with a firearm prior to the shooting incident. The Government avers that, because no trial date has been set in the instant case, Defendant's counsel will have ample time to review the grand jury testimony and to investigate the information provided. Accordingly, the Government alleges, any prejudice to Defendant has been "cured" such that this evidence should not be excluded from the trial of this case. The Government asserts testimony that Defendant was seen with a firearm on previous occasions is admissible to show that Defendant exercised dominion and control over the firearm.

A. **Timeliness**

Pursuant to this Court's Local Criminal Rule 16.2:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for

the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either FED. R. EVID. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

In a situation where the Government has not met this deadline, a court should inquire of "the reasons for the government's failure to disclose [the information] earlier, the possible remedies available to alleviate any prejudice or surprise to the defendant, and the amount of prejudice or surprise" to the defendant. United States v. Burkhalter, 735 F.2d 1327, 1329 (11th Cir. 1984).

In Burkhalter, an investigator informed the government the night before trial that there were two alleged co-conspirators involved in the case. On the morning of the trial, the government notified the court and opposing counsel that he intended to call the co-conspirators as witnesses. The district judge ordered the government to either use these two (2) witnesses and not argue to the jury there were co-conspirators, or not use them as witnesses and contend that they were co-conspirators. After the government refused to make a choice, the district judge suppressed the proposed testimony of these two witnesses. On appeal, the Eleventh Circuit found the trial judge's order excluding this evidence to be an abuse of discretion. The Eleventh Circuit, in making this determination, noted the government did not intentionally withhold information from defendant; any prejudice that might have been suffered could have been alleviated simply by granting defense counsel several days in which to interview these two witnesses and to investigate any information he might obtain due to these interviews.

Any prejudice which Defendant may have suffered in this case due to the Government's failure to notify Defendant within twenty (20) days of his arraignment of

its intent to use evidence of other people witnessing him in possession of a firearm is non-existent. The trial of this case has not been scheduled, and it certainly had not been at the time the Government made its notification to Defendant. Additionally, the Government's attorney informed the undersigned at the hearing in this matter that she would fax defense counsel a transcript of the grand jury testimony these two witnesses provided. The evidence the Government seeks to introduce during the trial of this case that Defendant was seen on previous occasions with a firearm should not be excluded based on Defendant's contention that this information was not provided in a timely manner under this Court's Local Criminal Rules.

### B. "Inextricably Intertwined"

Defendant avers the Government should be precluded from introducing evidence that drugs and ammunition were found at or near the scene of the firearm discharge in this case. Defendant asserts the probative value of such evidence is substantially outweighed by the danger of unfairly prejudicing him in the eyes of a jury.

The Government contends all of the evidence Defendant seeks to exclude is inextricably intertwined with the evidence of Defendant's possession of a firearm. The Government asserts the ammunition found in the firearm "help[s] round out the *res gestae* of the offense" (Doc. No. 27, p. 2) because the evidence adduced at trial will show: the firearm was discharged prior to being discarded in a trash can; Defendant was seen on previous occasions with a firearm; the ammunition found in the car is the same as that found in the firearm; and the drugs and firearm were discarded into the trash can at the same time.

"'Evidence of uncharged criminal activities generally [is] considered inadmissible extrinsic evidence'" under Rule 404(b) of the Federal Rules of Evidence. United States v. Cox, 188 Fed. Appx. 889, 894 (11th Cir. 2006) (quoting United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000)). Evidence of these activities "is admissible as *intrinsic* evidence of the charged offense if it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, *or (3) inextricably intertwined with the evidence regarding the charged offense.*'" Id. (quoting United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998)) (emphasis in original).

The undersigned finds that evidence relating to the type of ammunition found inside the firearm; that the firearm had been discharged; that the same types of ammunition found in the firearm were found in the glove compartment of Defendant's car; and that Defendant was seen on previous occasions in possession of a firearm (which was described by a witness such that it matched the firearm retrieved from the trash can) is inextricably intertwined with evidence relating to Defendant being charged as a felon in possession of a firearm. Therefore, this evidence is admissible at trial. However, the undersigned does not reach the same conclusion as to evidence that drugs were found in the trash can with the firearm.

The undersigned notes "that evidence of drug possession can and perhaps ought to be admitted in cases of alleged firearm possession, partly to show motive for such possession." United States v. Till, 434 F.3d 880, 883 (6th Cir. 2006). However, the instant case presents a factual scenario distinguishable from the cases the parties have cited. For instance, in Cox, the Eleventh Circuit found the trial judge did not abuse his

discretion in allowing "intrinsic evidence of marijuana (in an amount and manner consistent with an intent to distribute), digital scales, plastic baggies, and a large sum of cash" in the defendant's house. 188 Fed. Appx. at 894. Likewise, in Till, the Sixth Circuit found the district court "reasonably concluded that the testimony as to [the defendant's] drug possession was relevant in proving that the firearm was possessed by the defendant, rather than by . . . the driver of the car." 434 F.3d at 883. Finally, in United States v. Thomas, 242 F.3d 1028, 1032 (11th Cir. 2001), the Eleventh Circuit concluded that evidence of the defendant selling crack from his home was relevant evidence from which a jury could conclude the defendant knowingly possessed rifles found in his home and his truck.

In the instant case, the only evidence before the Court at this time is that a small amount of cocaine was found in the trash can along with the firearm. This trash can, as opposed to a person's home or vehicle, is not a place where only Defendant had control, and no one witnessed Defendant placing cocaine in the trash can or having cocaine in his possession on a previous occasion. Though this evidence may be probative of Defendant's knowing possession of a firearm, the prejudicial effect of this evidence outweighs any probative value this evidence may have. See United States v. Shelley, 405 F.3d 1195, 1201 (11th Cir. 2005) (finding that, if the presence of marijuana might be argued as having some attenuated materiality to the charge of possession of a firearm, the prejudice to the defendant clearly appears). Accordingly, the Government is precluded from introducing evidence that cocaine was found in the trash can with the firearm.

Defendant's Motion in Limine to exclude evidence of Defendant being seen on previous occasions with a firearm (Doc. No. 13) is **DENIED**. Defendant's Motion in Limine seeking to exclude evidence of drugs and ammunition found at or near the scene of the incident (Doc. No. 21) is **GRANTED**, in part, and **DENIED**, in part. The Government is precluded from offering into evidence testimony that cocaine was found in a trash can with the firearm. The Government may introduce evidence that ammunition was found in the vehicle Defendant was driving.

**SO ORDERED**, this 12th day of April, 2007.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE